William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEANT PHARMACEUTICALS NORTH AMERICA LLC; VALEANT PHARMACEUTICALS IRELAND LTD.; DOW PHARMACEUTICAL SCIENCES, INC.; and KAKEN PHARMACEUTICAL CO., LTD., | Civil Action No. 19-8233 |
| Plaintiffs, | *Document Electronically Filed* |
| v. | |
| MYLAN PHARMACEUTICALS INC.; MYLAN LABORATORIES LTD.; and MYLAN INC., | |
| Defendants. | |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiffs Valeant Pharmaceuticals North America LLC ("Valeant"), Valeant Pharmaceuticals Ireland Ltd. ("Valeant Ireland"), Dow Pharmaceutical Sciences, Inc. ("Dow"), and Kaken Pharmaceutical Co., Ltd. ("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Mylan Pharmaceuticals Inc. ("Mylan Pharmaceuticals"), Mylan Laboratories Ltd. ("Mylan Labs"), and Mylan Inc. (collectively, "Mylan") allege as follows:

## THE PARTIES

1.      Plaintiff Valeant is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2.      Plaintiff Valeant Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3.      Plaintiff Dow is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4.      Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5.      Upon information and belief, Mylan Pharmaceuticals is a corporation organized and existing under the laws of West Virginia, having a place of business at 781 Chestnut Ridge Road, Morgantown, WV 26505. Upon information and belief, Mylan Pharmaceuticals is a wholly-owned subsidiary of Mylan Inc. and an agent or affiliate of Mylan Labs.

6.      Upon information and belief, Mylan Labs is a corporation organized and existing under the laws of India, having a place of business at Plot No. 564/A/22, Road No. 92, Jubilee Hills 500034, Hyderabad, India. Upon information and belief, Mylan Labs is a wholly-owned subsidiary of Mylan Inc. and an agent or affiliate of Mylan Pharmaceuticals.

7.      Upon information and belief, Mylan Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a place of business at 1000 Mylan Blvd., Canonsburg, PA 15317.

**NATURE OF THE ACTION**

8.      This is an action for infringement of United States Patent No. 10,105,444 ("the

'444 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et

seq., including 35 U.S.C. §§ 271 and 281.  This action relates to Mylan's filing of an Abbreviated

New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic

Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval

to market its generic efinaconazole topical solution, 10% ("Mylan's generic efinaconazole topical

solution"). [1]

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and

2201–02.

10.      Upon information and belief, this Court has jurisdiction over Mylan

Pharmaceuticals.  Upon information and belief, Mylan Pharmaceuticals is in the business of, *inter*

*alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products,

including generic drug products.  Upon information and belief, Mylan Pharmaceuticals directly,

or indirectly, develops, manufactures, markets, and sells generic drug products throughout the

United States and in this judicial district, and this judicial district is a likely destination for Mylan's

generic efinaconazole topical solution.  Upon information and belief, Mylan Pharmaceuticals

purposefully has conducted and continues to conduct business in this judicial district.  Upon

---

[1]      Plaintiffs previously brought an action for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent"), and 9,877,955 ("the '955 patent").  That action is currently pending in this Court as Case No. 3:18-cv-14305 (PGS) (LHG), and Plaintiffs hereby incorporate by reference their Complaint against Mylan (ECF No. 1) in that action.

information and belief, Mylan Pharmaceuticals is registered to do business in this judicial district. Upon information and belief, Mylan Pharmaceuticals has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. Upon information and belief, Mylan Pharmaceuticals has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920. Upon information and belief, Mylan Pharmaceuticals publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

11.     Mylan Pharmaceuticals has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs— that will be purposefully directed at, upon information and belief, New Jersey and elsewhere. Mylan Pharmaceuticals' ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Mylan Pharmaceuticals intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Mylan Pharmaceuticals will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

12.     Upon information and belief, this Court has jurisdiction over Mylan Labs. Upon information and belief, Mylan Labs is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Mylan Labs directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Mylan's generic efinaconazole topical solution. Upon information and belief, Mylan Labs purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Mylan Labs is registered to do business in

this judicial district.  Upon information and belief, Mylan Labs has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.  Upon information and belief, Mylan Labs has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920.  Upon information and belief, Mylan Labs publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

13.     Upon information and belief, this Court has jurisdiction over Mylan Inc.  Upon information and belief, Mylan Inc. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Mylan Inc. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Mylan's generic efinaconazole topical solution.  Upon information and belief, Mylan Inc. purposefully has conducted and continues to conduct business in this judicial district.  Upon information and belief, Mylan Inc. is registered to do business in this judicial district.  Upon information and belief, Mylan Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.  Upon information and belief, Mylan Inc. has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920.  Upon information and belief, Mylan Inc. publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

14.     Mylan Pharmaceuticals and Mylan Inc. avail themselves of the rights, benefits, and privileges of this Court by filing at least the following complaints in the District of New Jersey: *Mylan Pharmaceuticals, Inc., et al. v. Novartis Pharmaceuticals Corporation*, Civil Action No.

2:18-cv-12022; *Mylan Pharmaceuticals, Inc. v. Celgene Corporation*, Civil Action No. 2:14-cv-02094; and *Mylan Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 3:14-cv-04560.

15.     Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc. consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *Valeant Pharmaceuticals International, Inc., et al. v. Mylan Pharmaceuticals, Inc., et al.*, Civil Action No. 2:15-cv-8180 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Baxter Healthcare Corp., et al. v. Agila Specialties Private Limited, et al.*, Civil Action No. 1:14-cv-07094 (Mylan Pharmaceuticals and Mylan Labs); *Horizon Pharma, Inc., et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:15-cv-03327 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Astrazeneca AB, et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:13-cv-04022 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); and *Janssen Products, L.P., et al. v. Lupin Limited, et al.*, Civil Action No. 2:10-cv-05954 (Mylan Pharmaceuticals and Mylan Inc.).

16.     Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc. availed themselves of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following prior District of New Jersey actions: *Baxter Healthcare Corp., et al. v. Agila Specialties Private Limited, et al.*, Civil Action No. 1:14-cv-07094 (Mylan Pharmaceuticals and Mylan Labs); *Horizon Pharma, Inc., et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:15-cv-03327 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Astrazeneca AB, et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:13-cv-04022 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); and *Janssen Products, L.P., et al. v. Lupin Limited, et al.*, Civil Action No. 2:10-cv-05954 (Mylan Pharmaceuticals and Mylan Inc).

17.     Mylan knows or should know that Jublia® is manufactured for Valeant Pharmaceuticals North America LLC in Bridgewater, NJ 08807 USA at least because that

information is included in the label and prescribing information for Jublia®.

18.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

## THE PATENT IN SUIT

19.     The United States Patent and Trademark Office ("PTO") issued the '444 patent on October 23, 2018.   The '444 patent claims, generally speaking, *inter alia*, pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and antioxidant.   Plaintiffs hold all substantial rights in the '444 patent and have the right to sue for infringement thereof.   The '444 patent is valid and enforceable.   A copy of the '444 patent is attached hereto as Exhibit A.

20.     Dow is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014.   In conjunction with NDA No. 203567, the '444 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

21.     Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

## MYLAN'S INFRINGING ANDA SUBMISSION

22.     Upon information and belief, Mylan Pharmaceuticals filed or caused to be filed with the FDA ANDA No. 212064, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

23.     Upon information and belief, Mylan Pharmaceuticals' ANDA No. 212064 seeks FDA approval to sell in the United States Mylan's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

24.     Plaintiffs received a letter dated February 8, 2019 from Mylan purporting to be a

Notice of Certification for ANDA No. 212064 ("Mylan's notice letter") under Section 505(j)(2)(B)(ii) and (iv), 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(c) that included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

25.     Mylan's notice letter alleges that Mylan Pharmaceuticals has submitted to the FDA ANDA No. 212064 seeking FDA approval to sell Mylan's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

26.     Upon information and belief, ANDA No. 212064 seeks approval of Mylan's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

## COUNT I AGAINST MYLAN

### Infringement of the '444 Patent under § 271(e)(2)

27.     Paragraphs 1-26 are incorporated herein as set forth above.

28.     Under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '444 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212064 seeking approval for the commercial marketing of Mylan's generic efinaconazole topical solution before the expiration date of the '444 patent.

29.     Upon information and belief, Mylan's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '444 patent.

30.     Upon information and belief, Mylan will, through the manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

31.     If Mylan's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '444 patent is not enjoined, Plaintiffs will suffer substantial and irreparable

harm for which there is no adequate remedy at law.

## COUNT II AGAINST MYLAN

### Declaratory Judgment of Infringement of the '444 Patent

32.     Paragraphs 1-31 are incorporated herein as set forth above.

33.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

34.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

35.     Mylan has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Mylan's generic efinaconazole topical solution before the expiration date of the '444 patent, including Mylan's filing of ANDA No. 212064.

36.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

37.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will constitute infringement of at least one claim of the '444 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Mylan on the patent infringement claims set forth above and respectfully request that this Court:

1.      enter judgment that, under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '444 patent by submitting or causing to be submitted ANDA No. 212064 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Mylan's generic efinaconazole topical solution before the expiration of the '444 patent;

2.      order that the effective date of any approval by the FDA of Mylan's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '444 patent, or such later date as the Court may determine;

3.      enjoin Mylan from the commercial manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution until expiration of the '444 patent, or such later date as the Court may determine;

4.      enjoin Mylan and all persons acting in concert with Mylan from seeking, obtaining, or maintaining approval of Mylan's ANDA No. 212064 until expiration of the '444 patent;

5.      declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

6.      award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated:  March 8, 2019
       Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

*Attorneys for Plaintiffs*
*Valeant Pharmaceuticals North America LLC,*
*Valeant Pharmaceuticals Ireland Ltd., and*
*Dow Pharmaceutical Sciences, Inc.*

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**

33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

*Attorneys for Plaintiff*
*Kaken Pharmaceutical Co., Ltd.*

## <u>CERTIFICATION OF NON-ARBITRABILITY</u>
## <u>PURSUANT TO LOCAL CIVIL RULE 201.1(d)</u>

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this

action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: March 8, 2019                     Respectfully submitted,
       Newark, New Jersey

                                         s/ William P. Deni, Jr.
                                         William P. Deni, Jr.
                                         **GIBBONS P.C.**
                                         One Gateway Center
                                         Newark, New Jersey 07102
                                         Tel: (973) 596-4500
                                         Fax: (973) 596-0545
                                         wdeni@gibbonslaw.com

                                         *Attorneys for Plaintiffs*